Filed 11/10/21  In re McClinton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re LAMAR McCLINTON<br><br>on Habeas Corpus. | G060785<br><br>(Super. Ct. No. M-12456-2)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Appellate Defenders, Inc., and Linda M. Fabian for petitioner.

Rob Bonta, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT:*

Lamar McClinton seeks relief from the failure to file a timely notice of appeal. The petition is granted.

On June 14, 2021, the trial court denied Lamar McClinton's petition for conditional release in superior court case No. M-12456-2. In support of the petition seeking relief from the failure to file a timely notice of appeal, trial counsel prepared a declaration in which she states that after the superior court's ruling, she "discussed filing a notice of appeal with appellant and agreed to file the notice of appeal on his behalf." According to counsel, she prepared and signed the notice of appeal on Friday, August 13, 2021, and as part of the usual office practice she left the notice of appeal on the desk of an administrative assistant to file the notice of appeal that day, but unbeknownst to counsel, the administrative assistant was not in the office that day. As a result, she attempted to file the notice of appeal the following Monday on August 16, 2021, but the superior court marked the notice of appeal "Received" but did not file the notice of appeal because August 13, 2021, was the last day to file a timely notice of appeal. (Cal. Rules of Court, rule 8.308(d).)

The principle of constructive filing of the notice of appeal is applied in situations where counsel advises a criminal defendant that she will file a notice of appeal on his behalf, and then fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because an attorney who has advised a client that she will file a notice of appeal has a duty to file a timely notice of appeal or tell the client how to file it himself. In this case, counsel advised McClinton that she would file a notice of appeal on his behalf and then failed to do so. McClinton's reasonable reliance on the promise of counsel to file a timely notice of appeal entitles McClinton to the relief requested.

---

* Before Bedsworth, Acting P. J., Moore, J., and Fybel, J.

2

The Attorney General does not oppose McClinton's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. The Clerk of the Superior Court is directed to file the notice of appeal that was received but not filed on August 16, 2021. Further proceedings, including preparation of the record on appeal, are to be conducted according to the applicable rules of court. (Cal. Rules of Court, rule 8.320(d).)

In the interest of justice, the opinion in this matter is deemed final in this court and the clerk of this court is directed to issue the remittitur forthwith.